NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2720
_____

RAO S. MANDALAPU, Medical Doctor,
                    Appellant

v.

TEMPLE UNIVERSITY HOSPITAL; DOCTOR JACK H. MYDLO; DOCTOR
ROBERT GUY UZZO; DOCTOR RICHARD E. GREENBURG; DOCTOR DAVID
Y.T. CHEN; DOCTOR ALEXANDER KUTIKOV; DOCTOR ROBERT S. CHARLES;
DOCTOR STEVEN J. HIRSHBERG; DOCTOR YAN F. SHIBUTANI

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 2:15-cv-05977)
District Judge:  Honorable John R. Padova

Submitted Under Third Circuit L.A.R. 34.1(a)
June 11, 2019

BEFORE:  JORDAN, BIBAS, and NYGAARD, *Circuit Judges*

(Filed: December  3, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

NYGAARD, *Circuit Judge.*

Appellant, Dr. Rao Mandalapu, filed an employment discrimination action against Appellees, Temple University Hospital ("Temple"), Dr. Jack H. Mydlo, and several other doctors at Temple (the "Defendant Doctors"), after Temple did not promote him and did not renew his contract in the urology residency program. The District Court granted a motion for summary judgment in favor of Temple and the Defendant Doctors. Mandalapu contends on appeal that he showed pretext by challenging the employer's reasons for its action. We will affirm.

We need not labor on the facts and instead refer the reader to the District Court's able description of the record in its opinion.

The District Court's recitation of the law is correct. To establish pretext, we have held that a plaintiff must show "(1) that retaliatory animus played a role in the employer's decisionmaking process and (2) that it had a determinative effect on the outcome of that process."[1] Also, to discredit the employer, it is not enough that the decision was merely wrong or mistaken. Rather, Appellant must demonstrate "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons," such that a reasonable factfinder could find them not credible.[2] At summary judgment, the ultimate question is whether the Appellant has raised either a genuine

---

[1] *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 501 (3d Cir. 1997).
[2] *Fuentes v. Perksie*, 32 F.3d 759, 765 (3d Cir. 1994).

dispute of material fact regarding the employer's "intent to retaliate *vel non*"[3] or, as the District Court aptly stated, enough discrepancies in the employer's stated reasons that the factfinder reasonably could infer that retaliation was the "real reason"[4] for the adverse action.

The District Court ruled Appellees' claim—that Mandalapu lacked the qualifications and skills necessary to adequately perform his duties—was a legitimate and non-discriminatory reason for not promoting him and not renewing his contract. Mandalapu claims that Appellees' remarks in his evaluations about his poor communication skills (allegedly indicating bias against doctors of Indian descent), showing that Temple promoted Caucasian doctors, and providing the number of surgeries performed, among other evidence, shows pretext. But none of the evidence he provided undermines the credibility of their stated reason for the decision to not renew his contract. The District Court correctly held that Mandalapu did not come forward with enough evidence for a reasonable juror to disbelieve that he was terminated for substandard performance. We conclude, for the same reason, that Mandalapu failed to carry his evidentiary burden.

We will affirm the District Court's order.

---

[3] *Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006)(internal citation omitted).
[4] *Mandalapu v. Temple University Hospital, Inc.*, Civ. A. No. 15-5977, 2018 WL 3328026, at *10 (E.D. Pa. July 5, 2018)(internal citation omitted).